UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 17-7707-MWF (SKx) | **Date:** January 5, 2018 |
| **Title:** Maria Ortega -v.- Select Portfolio Servicing, Inc.; U.S. Bank, N.A. | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER RE MOTION TO REMAND [13]; MOTION TO DISMISS [10]

Before the Court are two motions. First, Defendants Select Portfolio Servicing, Inc. and U.S. Bank, N.A. filed a Motion to Dismiss (the "Dismissal Motion") on November 18, 2017. (Docket No. 10). Plaintiff Maria Ortega filed an Opposition the ("Dismissal Opposition"), to which Defendants replied (the "Dismissal Reply"). (Docket Nos. 12, 21).

In addition, Plaintiff filed a Motion to Remand (the "Remand Motion") on November 28, 2017. (Docket No. 13). Defendants filed an Opposition (the "Remand Opposition"), to which Plaintiff replied (the "Remand Reply"). (Dockets No. 18, 22).

The Court has read and considered the papers filed on the Motions and held a hearing on **January 5, 2018**. The Remand Motion is **DENIED** *without prejudice* to Plaintiff's challenging subject matter jurisdiction at a later date. The Dismissal Motion is **GRANTED** *with leave to amend*.

## I. BACKGROUND

Plaintiff commenced this action on September 18, 2017 in Los Angeles Superior Court. (Notice of Removal at 2–3 (Docket No. 1)). Defendants Select Portfolio Servicing ("SPS") and U.S. Bank were served on September 20 and September 25, 2017, respectively. (*Id.* at 3). Defendants removed the action to federal court based on diversity jurisdiction on October 20, 2017. (*See generally id.*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 17-7707-MWF (SKx)                    Date: January 5, 2018
Title:     Maria Ortega -v.- Select Portfolio Servicing, Inc.; U.S. Bank, N.A.

Defendants invoke diversity jurisdiction because Plaintiff is a resident of Los Angeles, California, Defendant SPS is a corporation organized under the laws of Utah with its principal place of business in Utah, and Defendant U.S. Bank is a national banking association with its main office located in Ohio and its principal place of business in Minnesota. (*Id.* at 3–4). Plaintiff's action seeks to prevent Defendants from selling, transferring, or foreclosing on her property and to cancel Defendant U.S. Bank's deed of trust encumbering the property. She also seeks monetary relief. Accordingly, Defendants claim the amount in controversy requirement is met because the loan originated in the principal amount of $412,000 and the property is worth substantially more than $75,000. Moreover, by her Complaint, Plaintiff specifically seeks an estimated $75,000 in monetary damages. (*Id.* at 5).

The Complaint alleges the following facts, which, for purposes of the Dismissal Motion, the Court assumes are true and construes any inferences arising from those facts in the light most favorable to Plaintiff. *See, e.g.*, *Schueneman v. Arena Pharm., Inc.*, 840 F.3d 698, 704 (9th Cir. 2016) (restating generally-accepted principle that "[o]rdinarily, when we review a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), we accept a plaintiff's allegations as true 'and construe them in the light most favorable' to the plaintiff" (quoting *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009)).

Plaintiff is the owner of real property located at 13727 Pierce Street, Pacoima, California 91331 (the "Subject Property"), which is Plaintiff's personal residence. (Compl. ¶ 1 (Docket No. 1)). Defendant SPS and Defendant U.S. Bank, Trustee for Bear Stearns Asset Backed Securities 1 Trust 2006-HE6, are the current servicers of Plaintiff's mortgage loan on the Subject Property. (*Id.* ¶¶ 2, 3).

Plaintiff obtained the mortgage loan in the amount of $412,000 on June 5, 2007, from Encore Credit. (Compl. ¶ 10, Ex. A ("Deed of Trust")). On February 14, 2014, an Assignment of the Deed of Trust was recorded in the Los Angeles County Recorder's Office, assigning the Deed of Trust to Defendant U.S. Bank. (*Id.* ¶ 11, Ex. B ("Assignment to Deed of Trust")). Plaintiff alleges that Defendant U.S. Bank failed to advise Plaintiff in writing within 30 days of the assignment that Defendant U.S. Bank was the new owner or assignee of the debt. (*Id.* ¶ 12).

| | |
|---|---|
| Case No. CV 17-7707-MWF (SKx) | Date: January 5, 2018 |
| Title: Maria Ortega -*v.*- Select Portfolio Servicing, Inc.; U.S. Bank, N.A. | |

On October 17, 2016, through her agent Non-Profit Alliance of Consumer Advocates, Plaintiff faxed a complete loan modification application to Defendant SPS. (Compl. ¶ 14). On November 2, 2016, Plaintiff's agent called Defendant SPS, and was advised that there was in issue of fraud regarding the loan. (*Id.* ¶ 15). On November 9, 2016, Defendant SPS sent a letter responding to Plaintiff's inquiry. (*Id.* ¶ 16).

Plaintiff brings four Claims for Relief. First, she alleges Defendants SPS and U.S. Bank violated Cal. Civ. Code § 2923.7 by failing to assign Plaintiff a Single Point of Contact ("SPOC") in response to Plaintiff's loan modification application. Accordingly, Plaintiff seeks civil penalties and damages in an amount to be proven at trial if post-foreclosure, or an injunction if prior to foreclosure. (Compl. ¶¶ 17–21).

Second, Plaintiff alleges Defendants SPS and U.S. Bank violated California Civil Code § 2924.10 by failing to provide Plaintiff with written acknowledgement of the documents submitted with Plaintiff's loan modification application and to notify Plaintiff of any missing or additional items needed within five business days of receipt. Defendants failed to review the application in good faith. Accordingly, Plaintiff seeks civil penalties and damages in an amount to be proven at trial if post-foreclosure, and an injunction if prior to foreclosure. (Compl. ¶¶ 22–27).

Third, Plaintiff alleges that Defendants SPS and U.S. Bank are liable for negligence. They owed Plaintiff a duty of care because their activities exceeded the scope of the activities of a conventional money lender. Defendants owed Plaintiff a duty to timely review her loan modification application in good faith, which they breached when they misled her as to the status of her application, failed to provide an SPOC, and failed to provide written acknowledgment of receipt of her application, in violation of California's Homeowner Bill of Rights. As a result, Plaintiff suffered actual damages associated with the costs of preparing the loan modification application, attorneys' fees, and emotional distress. (Compl. ¶¶ 28–44).

Fourth, Plaintiff alleges that Defendants SPS and U.S. Bank violated the unfair, illegal, and fraudulent prongs of California's Unfair Competition Law by violating the statutory provisions described above, as well as additional provisions of the California

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-7707-MWF (SKx)                             Date:  January 5, 2018
Title:     Maria Ortega -v.- Select Portfolio Servicing, Inc.; U.S. Bank, N.A.

Penal Code, and by inducing Plaintiff to rely on their loan modification review process. (Compl. ¶¶ 45–58).

Ultimately, Plaintiff seeks compensatory, special, and general damages; civil penalties; an injunction enjoining Defendants from conducting foreclosure activity; restitution and disgorgement of profits; an injunction enjoining the violations of the Homeowner Bill of Rights; an injunction cancelling the void or voidable written instruments; and attorneys' fees and costs.  (Compl. at 10–11).

## II.  MOTION TO REMAND

### A. Legal Standard

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"  28 U.S.C. § 1441(a).  A removing defendant bears the burden of establishing that removal is proper.  *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant").  If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.  *See Gaus v. Miles*, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

In most circumstances, "federal district courts have jurisdiction over suits for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (citing 28 U.S.C. § 1332(a)).

The Ninth Circuit employs the following framework for determining the amount in controversy on removal.  First, a "court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy."  *Singer v. State Farm Mut. Automobile Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).  If not, the court may consider facts in the removal petition and require parties to submit

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-7707-MWF (SKx)                          Date:  January 5, 2018
Title:    Maria Ortega -v.- Select Portfolio Servicing, Inc.; U.S. Bank, N.A.

"summary-judgment-type evidence" relevant to the amount in controversy. *Id.*; *see also Corbelle v. Sanyo Elec. Trading Co.*, No. CV03-01509, 2003 WL 22682464, at *3 (N.D. Cal. Nov. 4, 2003). "[T]he defendant seeking removal bears the burden of proof to establish by a preponderance of the evidence that the amount-in-controversy requirement is satisfied." *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (citation omitted).

### B. Discussion

The parties do not dispute that there is complete diversity. Therefore, as the parties correctly argue and as discussed at the hearing, the principal issue is whether the amount in controversy meets the jurisdictional requirement.

Plaintiff argues that because there is no current foreclosure activity on the Subject Property and "the premise of this action is to get a good faith loan modification review", the amount in controversy is ***not*** measured by the value of the object in litigation. (Remand Mot. at 2–3). The value of Plaintiff's original mortgage loan is therefore irrelevant. (*Id.* at 3). In the alternative, Plaintiff argues that the amount in controversy equals the difference between the value of the loan and the proposed modified loan for which Plaintiff has applied. (*Id.* at 5).

Defendants, on the other hand, argue that on the face of the Complaint the amount in controversy requirement is met. Plaintiff specifically states that she "is suing for damages that are related to violation various [sic] California statutes and the Homeowner Bill of Rights Act where in the amount of controversy is approximately $75,000.00 and/or according to proof." (Compl. ¶ 9). Plaintiff further seeks additional monetary relief in the form of treble statutory damages and restitution, as well as injunctive relief. (*Id.* at 10–11). Moreover, Defendants point to extensive case law confirming that in actions for injunctive relief – including to prevent foreclosure – the amount in controversy is measured by the value of the object of the litigation. (Opp. at 8).

Defendants appear to acknowledge in their Opposition that no steps have been taken to initiate foreclosure. Indeed, as Plaintiff points out, where "the gravamen of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-7707-MWF (SKx)                                    Date:  January 5, 2018
Title:     Maria Ortega -*v.*- Select Portfolio Servicing, Inc.; U.S. Bank, N.A.

Plaintiff's Complaint is that he was denied a good-faith loan modification review," courts do not equate the amount in controversy with the entire amount of the loan. *Uribe v. Bank*, No. CV 15-9053-R, 2016 WL 409666, at *1 (C.D. Cal. Feb. 1, 2016). "Courts have roundly rejected the argument that the amount in controversy is the entire amount of the loan where a plaintiff seeks injunctive relief to enjoin a foreclosure sale *pending a loan modification*." *Vergara v. Wells Fargo Bank, N.A.*, No. SACV 15-00058-JLS (RNBx), 2015 WL 1240421, at *2 (C.D. Cal. Mar. 17, 2015) (emphasis in original); *Cheng v. Wells Fargo Bank, N.A.*, No. SACV 10-1764-JLS (FFMx), 2010 WL 4923045, at *2 (C.D. Cal. Dec. 2, 2010) ("[T]he primary relief sought by plaintiff is a temporary delay of the foreclosure proceedings, and the amount of the loan at issue would therefore not be a relevant measure of damages.").

If Plaintiff sought only an injunction preventing foreclosure pending a good faith loan modification review, reliance on the above cases would be appropriate. At the hearing, the Court explained that Plaintiff sets forth in the Remand Motion a good argument as to why the value of the loan or the Subject Property is the not the proper measure of the amount in controversy in this action. However, as noted at the hearing, Plaintiff's Complaint is inconsistent with this argument. The Complaint specifically seeks "an injunction cancelling the void or voidable written instruments." (Compl. at 10). The Court cannot conclude, therefore, that "the primary relief" Plaintiff seeks is a temporary delay of foreclosure proceedings pending loan modification review. In *Vegara*, for example, the district court specifically explained that the reason the value of the loan was not at issue was because "[n]owhere does Vergara's Complaint seek invalidation of the subject loan." 2015 WL 1240421, at *2. Here, Plaintiff ***does*** appear to seek invalidation of the subject loan.

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart*, 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt v. Wash. State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977)) (holding amount in controversy exceeded $75,000 where plaintiff sought, among other forms of relief, an injunction enjoining violation of his trademark rights, which were valued at least $100,000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-7707-MWF (SKx)                                    Date:  January 5, 2018
Title:          Maria Ortega -*v.*- Select Portfolio Servicing, Inc.; U.S. Bank, N.A.

Plaintiff herself cites to *Vonderscher v. Green Tree Serv., LLC*, in which the district court noted, "Numerous other courts have found that ***when a plaintiff does not seek to rescind the loan at issue***, but instead seeks damages in an unspecified amount . . . the amount in controversy is not properly gauged by the loan amount." No. CV 13-00490-MCE, 2013 WL 1858431, at *4 (E.D. Cal. May 2, 2013) (emphasis added). She also cites *Landa v. Flagstar Bank, FSB*, in which the district court remanded an action because the amount in controversy was not met where the plaintiffs sought an injunction against foreclosure, but were not seeking loan rescission. No. CV 10-1429-L (BGSx), 2010 WL 2772629, at *2 (S.D. Cal. July 13, 2010). Both of these cases, and other similar cases cited by Plaintiff, are premised on the fact that the plaintiffs did not seek loan rescission. In light of Plaintiff's prayer for relief, which includes a request for "an injunction cancelling the void or voidable written instruments," these cases only demonstrate that in this action, the amount of the loan *is* at issue and is a proper measure of the amount in controversy. The other cases Plaintiff cites likewise do not appear to address circumstances in which the plaintiffs seek to cancel the loans.

Plaintiff also argues in the Remand Motion that the Complaint does not set forth a specific amount in controversy, much less one above the jurisdictional requirement. But again, this argument appears inconsistent with the allegations in the Complaint. The Complaint specifically identifies damages of $75,000. (Compl. ¶ 9). As the Court noted at the hearing, it is not clear from the Complaint whether that amount is inclusive of all of the monetary relief requested in the Complaint's Prayer for Relief (*e.g.*, disgorgement, treble statutory damages, and so on). (*See id.* at 10–11). It is reasonable to interpret some of those forms of relief as requested ***in addition to*** the stated $75,000, which would bring the amount in controversy above $75,000 and therefore above the jurisdictional requirement. *See* 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy ***exceeds*** the sum or value of $75,000 . . . .") (emphasis added).

The Court therefore concludes that the amount in controversy requirement is met. Because the loan itself is a subject of the litigation, the loan amount of $412,000 is a proper measure of the amount in controversy. Alternatively, it appears likely that the monetary relief requested in the Complaint exceeds $75,000. At the hearing,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-7707-MWF (SKx)                                      Date:  January 5, 2018
Title:     Maria Ortega -v.- Select Portfolio Servicing, Inc.; U.S. Bank, N.A.

Plaintiff suggested that she might amend the Complaint to strike any suggestion that the loan is in fact at issue or requested monetary relief exceeds $75,000.  The Remand Motion is therefore **DENIED *without prejudice*** to future challenges to this Court's subject matter jurisdiction.

### III.  MOTION TO DISMISS

Having concluded that the diversity jurisdiction exists under 28 U.S.C. § 1332(a), the Court will now address Defendants' Motion to Dismiss.

#### A. Legal Standard

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013)

In ruling on the Motion under Rule 12(b)(6), the Court follows *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  The Court must disregard allegations that are legal conclusions, even when disguised as facts.  *See id*. at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *Eclectic Properties E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014).  "Although 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'" *Eclectic Properties*, 751 F.3d at 995 (quoting *Twombly*, 550 U.S. at 556–57) (internal citations omitted).

The Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the Complaint alleges a plausible claim for relief.  *See Iqbal*, 556 U.S. at 679; *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011).  "Determining whether a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-7707-MWF (SKx)                                Date:  January 5, 2018
Title:     Maria Ortega -v.- Select Portfolio Servicing, Inc.; U.S. Bank, N.A.

complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (as amended) (quoting *Iqbal*, 556 U.S. at 679). Where the facts as pleaded in the Complaint indicate that there are two alternative explanations, only one of which would result in liability, "plaintiffs cannot offer allegations that are merely consistent with their favored explanation but are also consistent with the alternative explanation. Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible." *Eclectic Properties*, 751 F.3d at 996–97; *see also Somers*, 729 F.3d at 960.

### B. Request for Judicial Notice

As an initial matter, Defendants ask the Court to take judicial notice of the several documents in support of their Dismissal Motion. (*See* Request for Judicial Notice ("RJN") (Docket No. 11)). Plaintiff does not oppose this request. Under Rule 12(d) of the Federal Rules of Civil Procedure, if the Court considers matters outside the pleadings in ruling on a motion to dismiss that motion must be converted into one for summary judgment. Fed. R. Civ. P. 12(d). As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). The only exceptions to this rule are for (1) material which is submitted with or necessarily relied on in the complaint and (2) matters of public record. *Id.* at 688–89.

The RJN is **GRANTED** with respect to the following documents, which were recorded in the Los Angeles County Recorder's Office and are therefore matters of public record:

- Deed of Trust (RJN Ex. A), securing a note in the principal amount of $412,000 executed by Plaintiff. The Court notes that this document is also judicially noticeable because it was attached to Plaintiff's Complaint.

- Grant Deed (RJN Ex. B), conveying the Subject Property to Plaintiff.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-7707-MWF (SKx)                          Date:  January 5, 2018
Title:      Maria Ortega -v.- Select Portfolio Servicing, Inc.; U.S. Bank, N.A.

- Loan Modification Agreement (RJN Ex. C), executed by Plaintiff and EMC Mortgage Corporation, as Successor Trustee.

- Validation of Debt Notice from Defendant SPS to Plaintiff (RJN Ex. D).

The RJN is also **GRANTED** with respect to RJN Exhibits E – P, which Defendants argue the Complaint incorporates by reference because Plaintiff's claim necessarily depends on their contents.

### C. <u>Homeowner Bill of Rights Claims</u>

Defendants argue that Plaintiffs claims under the Homeowner Bill of Rights ("HBOR") must fail because judicially noticeable documents demonstrate that Defendant SPS did appoint a SPOC and timely respond to Plaintiff's loan modification application. (Dismissal Mot. at 8).

The HBOR requires the mortgage servicer, "[u]pon request from a borrower . . . [to] promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact." Cal. Civ. Code § 2923.7(a). The SPOC must be "knowledgeable about the borrower's situation and current status in the alternatives to foreclosure process." *Id.* § 2923.7(e). Defendants submit multiple documents, all sent in response to Plaintiff's various communications, in which Defendant SPS specifically states: "If you have any questions, your assigned Relationship Manager, Soonafai Lolani, can be reached toll free" at the phone number or email address provided. (*See, e.g.*, RJN Exs. E–G, L, M). Plaintiff's Complaint alleges no facts suggesting that the appointed SPOC was inadequate or not knowledgeable about Plaintiff's loan status. In her Dismissal Opposition, Plaintiff simply reiterates that no SPOC was assigned. (Dismissal Opp. at 7).

Plaintiff's other HBOR claim brought under California Civil Code § 2924.10 also fails. Plaintiff alleges that Defendants failed to timely respond to her loan medication request, allegedly submitted on October 17, 2016, within five business days as required by the statute. However, Defendants have submitted extensive documentation reflecting prompt response to Plaintiff's communications, including a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-7707-MWF (SKx)                          Date:  January 5, 2018
Title:     Maria Ortega -v.- Select Portfolio Servicing, Inc.; U.S. Bank, N.A.

letter dated October 19, 2016, acknowledging receipt of Plaintiff's correspondence. (RJN Ex. L).

Moreover, as Defendants argue, to state a viable claim under HBOR, the alleged violation must be "material." Cal. Civ. Code. § 2924.12. A violation is "material" if it affects a plaintiff's loan obligations or the modification process. *Cornejo v. Ocwen Loan Serv.*, 151 F. Supp. 3d 1102, 1117–18 (E.D. Cal. 2015). In her claim under § 2924.10, Plaintiff does not allege how the alleged failure to respond to timely respond to her application affected her loan obligations or modification process. The Court also notes that, effective January 1, 2018, § 2924.10 was repealed by its own terms. Cal. Civ. Code § 2924.10(e) ("This section shall remain in effect only until January 1, 2018, and as of that date is repealed.").

The Court also notes that Defendant U.S. Bank appears to be the owner of the loan, not the loan servicer (Dismissal Mot. at 8), which Plaintiff appears to acknowledge in her Opposition. (Dismissal Opp. at 1). In Opposition, Plaintiff briefly suggests that Defendant U.S. Bank is still liable for the HBOR violations because Defendant SPS acted as Defendant U.S. Bank's agent. (*Id.*). However, there are no allegations to this effect in the Complaint. As such, apart from the deficiencies noted above, these claims also fail with respect to Defendant U.S. Bank.

Plaintiff's HBOR claims therefore fail.

### D. Negligence Claim

Defendants argue that Plaintiff's negligence claim fails for, among other reasons, failure to allege that either Defendant engaged in any wrongdoing constituting a breach of duty. (Dismissal Mot. at 10).

"To establish liability for negligence, a plaintiff must prove duty, breach, causation, and damages." *Regents of Univ. of Cal. V. Super. Ct.*, 183 Cal. App. 4th 755, 764, 107 Cal. Rptr. 3d 637 (2010). As discussed above, Defendants have submitted documents demonstrating that SPS repeatedly and timely responded to Plaintiff's communications, and repeatedly provided the contact information for a SPOC. Plaintiff therefore fails to allege how Defendants breached any duty they may

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-7707-MWF (SKx)                           Date:  January 5, 2018
Title:         Maria Ortega -v.- Select Portfolio Servicing, Inc.; U.S. Bank, N.A.

have had with respect to review of her loan modification application.  In the Complaint, Plaintiff also makes conclusory statements regarding Defendants' duty to provide accurate information, but fails to identify any breach of that apparent duty. Plaintiff's Opposition does not clarify this defect, as it focuses exclusively on the duty Defendants owed to her rather than any breach of that duty.

Plaintiff's negligence claim therefore fails.

### E. Unfair Competition Law Claim

California's Unfair Competition Law ("UCL") prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue, or misleading advertising." Cal. Bus. & Prof. Code § 17200. "Because the statute is written in the disjunctive, it is violated where a defendant's act or practice violates any of the foregoing prongs." *David v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1168 (9th Cir. 2012).  The UCL "does not proscribe specific activities," but rather, "borrows violations of other laws and treats them as unlawful practices that the [UCL] makes independently actionable." *Puentes v. Wells Fargo Home Mortgage., Inc.*, 160 Cal. App. 4th 638, 643–44, 72 Cal. Rptr. 3d 903 (2008) (internal quotation marks and citations omitted).

Conduct is "fraudulent" under the UCL if the conduct is "likely to deceive." *Morgan v. AT & T Wireless Servs., Inc.*, 177 Cal. App. 4th 1235, 1254 (2009). The particularity requirement of Rule 9(b) applies to claims under the fraudulent prong of the UCL. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009); *Sosa v. Bank of New York Mellon Trust*, No. C 12-00144 LB, 2012 WL 2568188, at *4 (N.D. Cal. July 2, 2012); *Briosos v. Wells Fargo Bank*, 737 F. Supp. 2d 1018, 1033 (N.D. Cal. 2010). As discussed above, Rule 9(b) requires the plaintiff to allege "the who, what, when, where, and how" of the alleged fraudulent conduct, *Vess*, 317 F.3d at 1106, and "set forth an explanation as to why [a] statement or omission complained of was false and misleading," *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc) (superseded by statute on other grounds).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-7707-MWF (SKx)                                    Date:  January 5, 2018
Title:       Maria Ortega -*v.*- Select Portfolio Servicing, Inc.; U.S. Bank, N.A.

To the extent Plaintiff's UCL claim is based on HBOR violations, as alleged in the Complaint (Compl. ¶ 48), the UCL claim fails for the same reasons the HBOR violations fail, discussed above.  Plaintiff also briefly references several provisions of the California Penal Code related to notarizing and recording and/or relying on fraudulent or forged documents as a basis for the UCL claim.  (*Id.* ¶ 49).  Nowhere in the Complaint are there are any allegations regarding notarizing or recording or relying on fraudulent or forged documents.  Accordingly, the UCL claim fails to the extent is based on violation of these provisions of the California Penal Code as well.

To the extent Plaintiff's UCL claim is based on alleged fraud, Plaintiff's claim fails to meet the pleading requirements of Rule 9(b).  She does not allege the "who, what, when, where, and how" of the alleged fraud, and instead makes only conclusory allegations that Defendants induced "false hope that caused Plaintiff's reasonable reliance on [Defendants] during the loan modification review process" when, in fact, Defendants almost never approve loan modifications. (Compl. ¶¶ 51(b), 52).

Plaintiff simply does not allege any conduct that is unlawful or unfair, and does not plead any fraudulent conduct with sufficient particularity.  As such, her UCL claim fails.

## III.    CONCLUSION

The Remand Motion is **DENIED** *without prejudice*.  Any future motion to remand will be deemed timely if it is filed promptly after the filing of the First Amended Complaint.  The Dismissal Motion is **GRANTED** *with leave to amend*.  Plaintiff may file a First Amended Complaint on or before **January 29, 2018**.

IT IS SO ORDERED.