UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 17-7707-MWF (SKx)          **Date:** March 27, 2018
Title:    Maria Ortega -v.- Select Portfolio Servicing, Inc.; U.S. Bank, N.A.

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER RE MOTION TO REMAND [27]; MOTION TO DISMISS [28]

    Once again, the Court is faced with a Motion to Remand and a Motion to Dismiss in this action. Plaintiff Maria Ortega filed a Second Motion to Remand (the "Remand Motion") on February 8, 2018. (Docket No. 27). Defendants Select Portfolio Servicing, Inc. and U.S. Bank, N.A. filed an Opposition (the "Remand Opposition"), to which Plaintiff replied (the "Remand Reply"). (Docket Nos. 29, 32).

    In addition, Defendants filed a Motion to Dismiss Plaintiff's First Amended Complaint (the "Dismissal Motion") on February 21, 2018. (Docket No. 28). Plaintiff filed an Opposition the ("Dismissal Opposition"), on February 26, 2018. (Docket No. 33). No Reply was filed.

    The Court has read and considered the papers filed on the Motions and held a hearing on **March 26, 2018**. The Remand Motion is **DENIED** because Plaintiff has not established to a legal certainty that she cannot recover the amount of damages sought in the original Complaint, or that the original amount sought was demanded in bad faith. The Dismissal Motion is **GRANTED** *with leave to amend*.

## I.    BACKGROUND

    Plaintiff commenced this action on September 18, 2017, in Los Angeles Superior Court. (Notice of Removal at 2–3 (Docket No. 1)). Defendants Select Portfolio Servicing ("SPS") and U.S. Bank were served on September 20 and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-7707-MWF (SKx)                    Date:  March 27, 2018
Title:       Maria Ortega -*v.*- Select Portfolio Servicing, Inc.; U.S. Bank, N.A.

September 25, 2017, respectively.  (*Id.* at 3).  Defendants removed the action to federal court based on diversity jurisdiction on October 20, 2017.  (*See generally id.*).

Defendants invoked diversity jurisdiction because Plaintiff is a resident of Los Angeles, California and a citizen of California; Defendant SPS is a corporation organized under the laws of Utah with its principal place of business in Utah; and Defendant U.S. Bank is a national banking association with its main office located in Ohio and its principal place of business in Minnesota.  (*Id.* at 3–4).  Plaintiff's action initially sought to prevent Defendants from selling, transferring, or foreclosing on her property and to cancel Defendant U.S. Bank's deed of trust encumbering the property.  She also sought monetary relief.  Accordingly, Defendants claimed the amount in controversy requirement was met because the loan originated in the principal amount of $412,000 and the property is worth substantially more than $75,000.  Moreover, by her Complaint, Plaintiff specifically sought an estimated $75,000 in damages as well as other monetary relief.  (*Id.* at 5).

At the hearing on Plaintiff's first Motion to Remand and Defendants' first Motion to Dismiss, Plaintiff suggested that, contrary to what was stated in her Complaint, the loan itself was not at issue, and she was not actually seeking over $75,000 in damages.  She stated she could amend her Complaint accordingly.  The Court therefore denied the first Motion to Remand without prejudice, and indicated that any future motion to remand would be deemed timely if it were promptly filed after the filing of the First Amended Complaint.  The Court also granted Defendants' Motion to Dismiss with leave to amend as to all claims.  (*See* January 5 Order (Docket No. 25)).

Plaintiff filed her First Amended Complaint ("FAC") on January 29, 2018.  (Docket No. 26).  Subsequently, the parties filed these two Motions.

The FAC alleges the following facts, which, for purposes of the Dismissal Motion, the Court assumes are true and construes any inferences arising from those facts in the light most favorable to Plaintiff.  *See, e.g.*, *Schueneman v. Arena Pharm., Inc.*, 840 F.3d 698, 704 (9th Cir. 2016) (restating generally-accepted principle that "[o]rdinarily, when we review a motion to dismiss under Federal Rule of Civil

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-7707-MWF (SKx)                              Date:  March 27, 2018

Title:        Maria Ortega -*v.*- Select Portfolio Servicing, Inc.; U.S. Bank, N.A.

Procedure 12(b)(6), we accept a plaintiff's allegations as true 'and construe them in the light most favorable' to the plaintiff" (quoting *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009)).

Plaintiff is the owner of real property located at 13727 Pierce Street, Pacoima, California 91331 (the "Subject Property"), which is Plaintiff's personal residence. (FAC ¶¶ 1, 9).   Defendant SPS is the servicer of Plaintiff's mortgage loan.  (*Id.* ¶ 2). Defendant U.S. Bank, Trustee for Bear Stearns Asset Backed Securities 1 Trust 2006-HE6, is the owner and beneficiary of Plaintiff's mortgage loan.  (*Id.* ¶ 3).  Plaintiff alleges that at all relevant times, Defendants were the agents of one another.  (*Id.* ¶ 5).

Plaintiff obtained the mortgage loan in the amount of $412,000 on June 5, 2007, from Encore Credit.  (FAC ¶ 8, Ex. A ("Deed of Trust")).  On February 27, 2014, an Assignment of the Deed of Trust was recorded in the Los Angeles County Recorder's Office, assigning the Deed of Trust to Defendant U.S. Bank.  (*Id.* ¶ 10, Ex. B ("Assignment to Deed of Trust")).  At some point after that, Defendant SPS became the loan servicer, acting as an agent of Defendant U.S. Bank.  (*Id.* ¶ 11).  On October 17, 2016, with the help of a nonprofit agency, Plaintiff submitted a completed loan modification application to Defendant SPS.  (FAC ¶¶ 12, 14).  Although not stated outright in the FAC, it appears Plaintiff's application for a loan modification was denied.  (*Id.* ¶ 33).

Plaintiff alleges four claims for relief:

First, she alleges that, in violation of California Civil Code § 2923.7, Defendants failed to provide the required "Single Point of Contact" ("SPOC") upon Plaintiff's request.  (*Id.* ¶¶ 13-17).  As a result, Plaintiff seeks an injunction prior to foreclosure. (*Id.* ¶ 17).

Second, Plaintiff alleges Defendants SPS and U.S. Bank violated California Civil Code § 2924.10 by failing to provide Plaintiff with written acknowledgement of the documents submitted with Plaintiff's loan modification application within five business days of receipt.  Accordingly, Plaintiff seeks an injunction prior to foreclosure.  (FAC ¶¶ 18-23).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-7707-MWF (SKx)                    Date:  March 27, 2018
Title:    Maria Ortega -v.- Select Portfolio Servicing, Inc.; U.S. Bank, N.A.

Third (the FAC labels the Third Claim for Relief "Fourth", but sequentially it is the Third Claim), Plaintiff alleges that Defendants SPS and U.S. Bank were negligent in their handling of Plaintiff's mortgage loan and loan modification application, and by initiating illegal foreclosure proceedings. As a result, Plaintiff seeks damages "in an amount not to exceed $35,000." (FAC ¶¶ 24-41).

Fourth, Plaintiff alleges that Defendants SPS and U.S. Bank violated the unfair, illegal, and fraudulent prongs of California's Unfair Competition Law. By this claim, Plaintiff demands restitution damages "in an amount less than $35,000 and that Defendants disgorge profits." (FAC ¶¶ 42-47).

Plaintiff's FAC removes several allegations and demands for relief that appeared in her initial Complaint. The original Complaint specified that the amount in controversy was $75,000, and sought compensatory, special, and general damages; civil penalties; an injunction enjoining Defendants from conducting foreclosure activity; restitution and disgorgement of profits; an injunction enjoining the violations of the Homeowner Bill of Rights; an injunction cancelling the void or voidable written instruments; and attorneys' fees and costs (Compl. ¶ 9, at 10–11). Now, the FAC seeks only damages "in a cumulative amount less than $70,000 total; an injunction enjoining further foreclosure activity; and attorneys' fees and costs. (FAC at 13).

## II.  MOTION TO REMAND

### A. Legal Standard

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"  28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. *See Gaus v. Miles*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-7707-MWF (SKx)                    Date:  March 27, 2018
Title:      Maria Ortega -v.- Select Portfolio Servicing, Inc.; U.S. Bank, N.A.

Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

In most circumstances, "federal district courts have jurisdiction over suits for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (citing 28 U.S.C. § 1332(a)).

The Ninth Circuit employs the following framework for determining the amount in controversy on removal.  First, a "court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Singer v. State Farm Mut. Automobile Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).  If not, the court may consider facts in the removal petition and require parties to submit "summary-judgment-type evidence" relevant to the amount in controversy.  *Id.*; *see also Corbelle v. Sanyo Elec. Trading Co.*, No. CV03-01509, 2003 WL 22682464, at *3 (N.D. Cal. Nov. 4, 2003).  "[T]he defendant seeking removal bears the burden of proof to establish by a preponderance of the evidence that the amount-in-controversy requirement is satisfied." *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (citation omitted).

### B. Discussion

The parties do not dispute that there is complete diversity.  The issue here is whether Plaintiff's amendments to her Complaint change the Court's initial determination that there is diversity jurisdiction.  For the reasons discussed below, the Court concludes that they do not.

As the Supreme Court has stated, for purposes of establishing diversity jurisdiction, "unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938).  Only if "from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount" will diversity jurisdiction be destroyed.  *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-7707-MWF (SKx)                    Date:  March 27, 2018
Title:    Maria Ortega -v.- Select Portfolio Servicing, Inc.; U.S. Bank, N.A.

"Voluntary reduction of the amount demanded below the sum necessary" does not suffice to defeat diversity jurisdiction once a case is properly removed. *Id.* at 294. The justification for this rule is that "[i]f the plaintiff could, no matter how bona fide his original claim in the state court, reduce the amount of his demand to defeat federal jurisdiction the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice." *Id.* Moreover, "the status of the case as disclosed by the plaintiff's complaint is controlling in the case of a removal, since the defendant must file his petition before the time for answer or forever lose his right to remove." *Id.* at 291.

Accordingly, the Supreme Court in *St. Paul Mercury* held that the district court improperly remanded an action that had been removed based on diversity jurisdiction where the original complaint satisfied the required amount in controversy, and the second amended complaint filed in federal court demonstrated that the amount at stake was actually below the amount-in-controversy requirement. *Id.* at 296.

The Ninth Circuit has therefore held that where the state court complaint itself – as here – states damages in an amount sufficient for diversity jurisdiction, courts require "proof to a legal certainty that the plaintiff cannot recover damages equal to or greater than the jurisdictional amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402 (9th Cir. 1996) (citation omitted). It is highly unlikely that a plaintiff filing an action in state court would have inflated a claim for damages to obtain federal jurisdiction. *Id.*; *St. Paul Mercury*, 303 U.S. at 290 (where case initiated in state court and then removed, "There is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end.").

A court finds such a "legal certainty" when "a rule of law or limitation of damages would make it virtually impossible for a plaintiff to meet the amount-in-controversy requirement." *Pachinger v. MGM Grand Hotel–Las Vegas*, Inc., 802 F.2d 362, 364 (9th Cir. 1986) (citing 14A Wright, Miller, and Cooper, *Federal Practice and Procedure*, Jurisdiction § 3702 at 48–50 (2d ed. 1985)). For example, in *Pachinger*, Nevada's innkeeper statute limited the defendant hotel's liability for the plaintiff's stolen jewelry to well below the amount in controversy requirement. The Ninth Circuit

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-7707-MWF (SKx)                          Date:  March 27, 2018
Title:    Maria Ortega -v.- Select Portfolio Servicing, Inc.; U.S. Bank, N.A.

therefore held the amount in controversy requirement was not met, and there was no diversity jurisdiction. *Id.* at 363-65. In contrast, in *Naffe v. Frey*, 789 F.3d 1030, 1041 (9th Cir. 2015), the Ninth Circuit held that it did have diversity jurisdiction over an action where "no rule of law or limitation of damages would make it virtually impossible for [the plaintiff] . . . to meet the amount-in-controversy requirement" and "the record [was] devoid of independent facts [to] show that the amount of damages was claimed" in bad faith.

    *St. Paul Mercury* and its progeny control here. Even if after removal Plaintiff "by stipulation, by affidavit, or by amendment of [her] pleadings, reduces the claim," the Court is not deprived of jurisdiction. *See St. Paul Mercury*, 303 U.S. at 292. Although Plaintiff has amended her Complaint such that the loan itself is no longer at issue and her requested damages are no more than $70,000, she has not shown to a "legal certainty" that she cannot recover the amount sought in the original Complaint. Nor has it been demonstrated that the original Complaint's allegations and demands were made in bad faith. Plaintiffs' Remand Motion and Reply do not address this issue at all.

    Other courts have come to similar results. For example, in *Hill v. Hill-Love*, 509 Fed. Appx. 605 (9th Cir. 2013), the plaintiff filed an action in state court alleging damages in excess of $100,000. The action was removed based on diversity. The Ninth Circuit held that the district court did not err in denying the plaintiff's motion to remand and "properly ignored [the plaintiff's] belated attempt to avoid federal jurisdiction and adhered to this circuit's longstanding rule that the 'propriety of removal is determined solely on the basis of the pleadings filed in state court.'" *Id.* at *1 (quoting *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006)). *See also Williams*, 471 F.3d at 976 ("We have long held that post-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court."); *Perez v. Hermetic Seal Corp.*, No. CV 16–05211–BRO (FFMx), 2016 WL 5477990, at *2 (C.D. Cal. Sept. 27, 2016) (denying motion to remand where state court complaint included $250,000 demand, despite plaintiff's argument that it was a typographical error and he intended to seek only $25,000); *Wilder v. Bank of Am., N.A.*, CV 14–

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 17-7707-MWF (SKx)     Date: March 27, 2018
Title:     Maria Ortega -v.- Select Portfolio Servicing, Inc.; U.S. Bank, N.A.

00670-MMM (CWx), 2014 WL 6896116, at *4 (C.D. Cal. Dec. 5, 2014) ("In her complaint, Wilder seeks damages of 'not less than $1,500,000.' Wilder cannot simply disavow this allegation that was included in her state court complaint.").

Accordingly, the Court must **DENY** the Remand Motion.

### III. MOTION TO DISMISS

Having concluded that the diversity jurisdiction still exists under 28 U.S.C. § 1332(a), the Court turns to Defendants' Motion to Dismiss.

#### A. Legal Standard

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013)

In ruling on the Motion under Rule 12(b)(6), the Court follows *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The Court must disregard allegations that are legal conclusions, even when disguised as facts. *See id.* at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *Eclectic Properties E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014). "Although 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'" *Eclectic Properties*, 751 F.3d at 995 (quoting *Twombly*, 550 U.S. at 556–57) (internal citations omitted).

The Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the Complaint alleges a plausible claim for relief. *See Iqbal*, 556 U.S. at 679; *Cafasso, U.S. ex rel. v. Gen.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-7707-MWF (SKx)                    Date:  March 27, 2018
Title:    Maria Ortega -v.- Select Portfolio Servicing, Inc.; U.S. Bank, N.A.

*Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011). "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (as amended) (quoting *Iqbal*, 556 U.S. at 679). Where the facts as pleaded in the Complaint indicate that there are two alternative explanations, only one of which would result in liability, "plaintiffs cannot offer allegations that are merely consistent with their favored explanation but are also consistent with the alternative explanation. Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible." *Eclectic Properties*, 751 F.3d at 996–97; *see also Somers*, 729 F.3d at 960.

### B. Judicially Noticed Documents

As an initial matter, along with their prior Motion to Dismiss, Defendants requested that the Court to take judicial notice of the several documents. (*See* Request for Judicial Notice ("RJN") (Docket No. 11)). Plaintiff did not oppose the request, and the Court granted it. (*See* January 5 Order at 9). Defendants once again rely on those documents in their current Dismissal Motion.

### C. Homeowner Bill of Rights Claims

Defendants once again argue that Plaintiffs claims under the Homeowner Bill of Rights ("HBOR") must fail because judicially noticeable documents demonstrate that Defendant SPS did appoint a SPOC and timely respond to Plaintiff's loan modification application. (Dismissal Mot. at 10).

The HBOR requires the mortgage servicer, "[u]pon request from a borrower . . . [to] promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact." Cal. Civ. Code § 2923.7(a). The SPOC must be "knowledgeable about the borrower's situation and current status in the alternatives to foreclosure process." *Id.* § 2923.7(e). Defendants submit multiple documents, all sent in response to Plaintiff's various communications, in which Defendant SPS specifically states: "If you have any questions, your assigned

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-7707-MWF (SKx)                      Date:  March 27, 2018
Title:        Maria Ortega *-v.-* Select Portfolio Servicing, Inc.; U.S. Bank, N.A.

Relationship Manager, Soonafai Lolani, can be reached toll free" at the phone number or email address provided.  (*See, e.g.*, RJN Exs. E–G, L, M).

Plaintiff's FAC alleges no facts suggesting that the appointed SPOC was inadequate or not knowledgeable about Plaintiff's loan status.  In fact, the only allegation is that the SPOC was not provided within a reasonable time.  (FAC ¶ 16).  The documents demonstrate otherwise.  (*See, e.g.*, RJN Ex. L (letter dated October 19, 2016, acknowledging receipt of Plaintiff's correspondence and providing contact information for relationship manager)).  Plaintiff does not address this timing in her Dismissal Opposition.

Plaintiff's other HBOR claim brought under California Civil Code § 2924.10 also fails.  Plaintiff alleges that Defendants failed to timely respond to her loan medication request, allegedly submitted on October 17, 2016, within the required five business days.  However, Defendants have submitted extensive documentation reflecting prompt response to Plaintiff's communications, including a letter dated October 19, 2016, acknowledging receipt of Plaintiff's correspondence.  (RJN Ex. L).  Plaintiff does not address this timing in her Dismissal Opposition.

Moreover, as Defendants argue, under California Civil Code § 2924.12, relief under the HBOR is not available where there is no foreclosure activity currently pending.  *See Mulato v. Wells Fargo Bank, N.A.*, 76 F. Supp. 3d 929, 956 (N.D. Cal. 2014) (granting motion to dismiss HBOR claims were no notice of default had even been recorded); *Odle v. MGC Mortgage Inc.*, No. CV 15-5019-DDP (JCx, 2016 WL 2858764, at *2 (C.D. Cal. May 16, 2016) (dismissing section 2923.7 claim because plaintiff did not allege any foreclosure activity had taken place, or that a notice of default or a trustee's deed upon sale had been recorded); *Ellis v. Bank of Am., N.A.*, No. CV 13-5257-CAS, 2013 WL 5935412, at *4 (C.D. Cal. Oct. 28, 2013) (dismissing HBOR claims because there was currently no foreclosure activity against the property and plaintiff did not allege that a trustee's sale ever took place).

Plaintiff repeatedly makes clear that no Notice of Default has been recorded and no foreclosure activity has taken place yet (FAC at 13; Remand Mot. at 2; Remand

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-7707-MWF (SKx)                          Date:  March 27, 2018
Title:       Maria Ortega -*v.*- Select Portfolio Servicing, Inc.; U.S. Bank, N.A.

Reply at 3), and she does not address Defendants' argument in her Dismissal Opposition.

Plaintiff's First and Second Claims for Relief therefore fail.

### D. Negligence Claim

Defendants argue that Plaintiff's negligence claim fails because Plaintiff fails to allege breach, causation, or damages, and because the claim is derivative of her HBOR claims. (Dismissal Mot. at 12).

"To establish liability for negligence, a plaintiff must prove duty, breach, causation, and damages." *Regents of Univ. of Cal. V. Super. Ct.*, 183 Cal. App. 4th 755, 764, 107 Cal. Rptr. 3d 637 (2010). Plaintiff's allegations of breach are based entirely on Defendants' alleged violations of the HBOR. (*See* FAC ¶¶ 30).

As discussed above, the Court has already determined that Defendant SPS repeatedly and timely responded to Plaintiff's communications, and repeatedly provided the contact information for a SPOC, and that the HBOR claims therefore fail. Plaintiff fails to allege how Defendants breached any duty they may have had with respect to review of her loan modification application. In the FAC and Dismissal Opposition, Plaintiff argues extensively that Defendants owed Plaintiff a duty of care, but makes only the most conclusory allegations and arguments regarding breach, causation, and damages.

Plaintiff's negligence claim therefore fails.

### E. Unfair Competition Law Claim

California's Unfair Competition Law ("UCL") prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue, or misleading advertising." Cal. Bus. & Prof. Code § 17200. "Because the statute is written in the disjunctive, it is violated where a defendant's act or practice violates any of the foregoing prongs." *David v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1168 (9th Cir. 2012). The UCL "does not proscribe specific activities," but rather, "borrows

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-7707-MWF (SKx)                           Date:  March 27, 2018
Title:     Maria Ortega -*v.*- Select Portfolio Servicing, Inc.; U.S. Bank, N.A.

violations of other laws and treats them as unlawful practices that the [UCL] makes independently actionable." *Puentes v. Wells Fargo Home Mortgage., Inc.*, 160 Cal. App. 4th 638, 643–44, 72 Cal. Rptr. 3d 903 (2008) (internal quotation marks and citations omitted).  Plaintiff appears to allege that Defendants violated all three prongs of the UCL.  (*See* FAC ¶ 25).

Conduct is "fraudulent" under the UCL if the conduct is "likely to deceive." *Morgan v. AT & T Wireless Servs., Inc.*, 177 Cal. App. 4th 1235, 1254 (2009). The particularity requirement of Rule 9(b) applies to claims under the fraudulent prong of the UCL.  *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009); *Sosa v. Bank of New York Mellon Trust*, No. C 12-00144 LB, 2012 WL 2568188, at *4 (N.D. Cal. July 2, 2012); *Briosos v. Wells Fargo Bank*, 737 F. Supp. 2d 1018, 1033 (N.D. Cal. 2010).  Rule 9(b) requires the plaintiff to allege "the who, what, when, where, and how" of the alleged fraudulent conduct, *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003), and "set forth an explanation as to why [a] statement or omission complained of was false and misleading," *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc) (superseded by statute on other grounds).

Although not entirely clear, Plaintiff's UCL claim appears to be at least in part premised on Defendants' alleged violations of the HBOR.  (*See* FAC ¶ 42).  To the extent the UCL claim is based on HBOR violations, the claim fails for the same reasons the HBOR violations fail, as discussed above.

To the extent Plaintiff's UCL claim is based on alleged fraud, Plaintiff's claim fails to meet the pleading requirements of Rule 9(b).  The FAC does not contain even the barest allegations of a misrepresentation or omission that could constitute fraud.

Plaintiff's allegations of "unfair" business practices fair no better.  In the Dismissal Opposition, Plaintiff lists several examples of the conduct she alleges is unfair:  failure to send written notifications about missing documentation, mishandling loan modification documents, charging fees in excess of those permitted by law, failing to assign an SPOC, and conducting a prolonged loan modification review.  (Opp. at 19).  However, allegations regarding failure to send written notifications about missing documents, mishandling documents, or charging illegal fees do not appear anywhere in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-7707-MWF (SKx)                    Date:  March 27, 2018
Title:     Maria Ortega -v.- Select Portfolio Servicing, Inc.; U.S. Bank, N.A.

the FAC, and the Court has already determined that Plaintiff's allegations regarding failure to provide an SPOC fail.  The FAC simply does not allege a plausible basis for a claim under the "unfair" prong of the UCL.

In the FAC, Plaintiff references this Court's decision in *Zuniga v. Bank of Am. N.A.* to support the unfairness prong of her UCL claim.  (FAC ¶ 46).  However, Plaintiff's allegations in no way resemble the facts of *Zuniga*.  Unlike in *Zuniga*, Plaintiff has not alleged "dual tracking," a process by which loan servicers tell a borrower she is being offered a loan modification and the documentation is on its way, but meanwhile, foreclose on the property.  In *Zuniga*, that conduct sufficed to state a claim for unfair business practices.  *Zuniga v. Bank of Am., N.A.*, No. CV 14-6471-MWF (MRWx), 2014 WL 7156403, at *8 (C.D. Cal. Dec. 9, 2014).  No such conduct is alleged here.

Plaintiff's FAC simply does not state a claim under the UCL.

### III.  CONCLUSION

Accordingly, the Remand Motion is **DENIED**.  The Dismissal Motion is **GRANTED** *with leave to amend*.  While there may be a Second Amended Complaint, there will be no Third.  Any future successful motions to dismiss will be granted without leave to amend.

Plaintiff may file a Second Amended Complaint on or before **April 9, 2018**.

IT IS SO ORDERED.